UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| BILLIE S. TACKETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-87-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Billie Tackett and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner). [Record Nos. 10, 12] Through this action, Tackett seeks to reverse the decision of an administrative law judge (ALJ) concluding that she was not entitled to supplemental security income payments. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. This case is now ripe for review.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Tackett.

## I.      LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability

application.  20 C.F.R. § 416.920(b).  Second, a claimant must show that she suffers from a severe impairment.  20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 416.920(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work.  If she can, she is not disabled.  20 C.F.R. § 416.920(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 416.920(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations.  What was previously 20 C.F.R. § 416.920(e) and (f) are now 20 C.F.R. § 416.920(f) and (g), respectively.

680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). The ALJ is charged with making credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. In short, credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.   PROCEEDINGS BEFORE THE ALJ

On July 16, 2004, an administrative hearing was held before ALJ Andrew J. Chwalibog in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Tackett. Thereafter, the ALJ issued a decision denying benefits to her. The ALJ concluded that Tackett retained the residual functional capacity to perform a full range of medium work. [Transcript (Tr.), p. 21]

## III.   ANALYSIS

### A.   Treating Physician

Tackett claims that the ALJ failed to give proper weight to the medical records submitted by her treating physicians. Specifically, Tackett argues that ALJ did not give sufficient weight to the treatment notes from the Shelby Valley Clinic and the Mountain Comprehensive Care Center.

Initially, it should be noted that while some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.").

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In *Wilson v. Comm'r of Soc. Sec.*, the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson*, 378 F.3d 541, 546 (6th Cir. 2004).

-5-

The ALJ properly considered Tackett's treatment records from the Shelby Valley Clinic and the Mountain Comprehensive Care Center (the Center).  In doing so, the ALJ found that these records support his conclusion that Tackett was capable of performing a full range of medium work and was, therefore, not disabled.  The ALJ specifically noted that x-rays from the Shelby Valley Clinic indicated that Tackett had "some abnormalities" with her back but had no "disc problems and no herniation."  [Tr., p. 18]  The ALJ further stated that these records demonstrated that Tackett had "no real heart disease" or "end organ damage." [Tr., p. 15]

The ALJ likewise properly considered the medical records from the treating physicians at the Center.  Although Tackett received treatment at the Center from April 11, 2003, to October 1, 2003, for depression and anxiety, the ALJ noted that her "treatment records from [the Center] show[] frequently missed appointments and that between September 10, 2003 and January 9, 2004, [Tackett] was seen on few occasions before her case was terminated due to noncompliance."  [Tr., p. 18]

Notably, the medical records from the Shelby Valley Clinic and the Center support the ALJ's finding that Tackett was capable of performing a full range of medium work.  Based on this fact, the Court finds that the ALJ properly considered these treatment records in determining that Tackett was not entitled to supplemental security income payments.

### B. New Evidence

In support of her argument that the ALJ's decision should be reversed, Tackett has cited a piece of medical evidence that was submitted for the first time to the Appeals Council. Specifically, Tackett notes that an MRI, performed on January 9, 2003, indicated that she has

a complex tear involving the posterior horn of the medial meniscus and other abnormal findings. [Record No. 10, p. 16]

A district court cannot reverse an ALJ's decision based on evidence not in the record before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993). In other words, evidence which was not available to the ALJ cannot be considered by the Court in its substantial evidence review. However, it may be appropriate for the district court to remand a case to the ALJ for reconsideration if the claimant has new and material evidence that is relevant to the determination of disability at the time the application was first filed. *Id*. The burden of showing that a remand is appropriate is on the claimant. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). In this case, however, Tackett has not moved for a remand pursuant to Section 405(g). Even if she had, the motion would fail.

"For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Id*. (quoting *Sullivan v. Finkelstein*, 469 U.S. 617, 626 (1990)). The MRI was dated January 9, 2003. The ALJ did not deny Tackett's claim until October 22, 2004. [Tr., p. 21] Thus, the evidence was not new and it was Tackett's fault for not providing it to the Commissioner while her application for benefits was being reviewed. *See Foster*, 279 F.3d at 457 ("The burden of providing a complete record, however, rests on the claimant."). Thus, the MRI would not be grounds for remand, even if Tackett had made such a motion.

### IV. CONCLUSION

After reviewing the briefs submitted by the parties and the administrative record, the Court concludes that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

(1) Claimant's Motion for Summary Judgment [Record No. 10] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 12] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 15th day of November, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge